UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. BARRY SARTIN                                    CIVIL ACTION

VERSUS                                              NO: 16-1816

EKF DIAGNOSTICS, INC. &                             SECTION: R
STANBIO LABORATORY, L.P.

## <u>ORDER AND REASONS</u>

Plaintiff Dr. Barry Sartin brings this lawsuit on behalf of himself and a proposed class of individuals and entities to whom defendants EKF Diagnostics, Inc. and Stanbio Laboratory, L.P. allegedly sent unsolicited fax advertisements in violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA").  Defendants move the Court to dismiss the complaint for lack of Article III standing, or, in the alternative, to strike its class action allegations as insufficient to establish an ascertainable class.  Because the complaint fails to allege any facts indicating that defendants' fax caused Dr. Sartin a concrete injury in fact, the Court grants defendants' motion to dismiss.

## I.  BACKGROUND

In this junk fax case, Dr. Sartin alleges that defendants Stanbio Laboratory and its parent company, EKF Diagnostics, violated the TCPA by sending unsolicited faxes advertising their products and services.  Dr. Sartin alleges that he "was the recipient of [a] fax advertisement sent by Defendants on September 24, 2014."[1]  The fax, which Dr. Sartin submits as an exhibit to his complaint, discusses a "Glycated Serum Protein LiquiColor Assay," which the fax describes as "a 2-3 week glycemic marker that could benefit patients" with certain medical conditions.[2]  The fax's cover sheet indicates that it was sent from Stanbio Laboratory and addressed to two recipients: East Jefferson General Hospital and Dr. Barry Sartin.[3]  A message on the cover sheet begins "Dear Dr. Sartin" and concludes by stating "[i]f your lab is interested in setting up the GSP, we are offering <u>free validation kits</u> at this time."[4]  According to Dr. Sartin, this fax was part of a larger campaign, in which defendants purchased

---

[1] R. Doc. 1 at 2 ¶ 5.

[2] R. Doc. 1-1 at 1.

[3] *Id.*

[4] *Id.* (emphasis in the original).

2

lists of fax numbers from third parties and "blasted thousands of junk faxes to businesses" without obtaining prior consent.[5]

On March 3, 2016, Dr. Sartin filed this lawsuit against defendants, seeking statutory damages and injunctive relief.[6]  Dr. Sartin brings his TCPA claims on behalf of himself and a proposed class consisting of

> all persons and entities, to which within four years of the filing of this Compliant, Defendants sent facsimile transmissions with content that discusses, describes, promotes, products and/or services offered by Defendants, and does not contain the opt-out notice required by 47 U.S.C. §§ 227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2) or 47 C.F.R. § 64.1200(a)(iii)-(iv).[7]

Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing.[8]   According to defendants, Dr. Sartin rests his standing claims on allegations of a bare violation of the TCPA, and he fails to allege that defendants' conduct caused him a concrete injury in fact.  In the alternative, defendants ask the Court to strike Dr. Sartin's class allegations under Rule 12(f).  Defendants contend that

---

[5] R. Doc. 1 at 5 ¶ 13, 14.

[6] R. Doc. 1.

[7] *Id.* at 6 ¶ 18.

[8] R. Doc. 5-1.

Dr. Sartin's class definition fails to establish an ascertainable group, whose boundaries can be objectively defined and feasibly administered.[9]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).   A district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson*, 645 F.2d at 413).

Here, defendants contend that Dr. Sartin lacks standing because he fails to plead an injury in fact divorced from defendants' alleged violations of the

---

[9] In their original motion defendants also asked the Court, as an alternative to dismissing Dr. Sartin's suit for lack of Article III standing, to stay this litigation pending the Supreme Court's ruling in *Spokeo, Inc. v. Robins*.  The Supreme Court's *Spokeo* decision has since been handed down, so defendants' request is denied as moot.

TCPA.  Defendants offer no evidence by affidavit or otherwise to support this argument.  In the absence of such evidence, the Court treats defendants' motion as a "facial attack" on the complaint, in which case review "is limited to whether the complaint is sufficient to allege jurisdiction."  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 663 (E.D. La. 2004).  Accordingly, the Court accepts as true all factual allegations set forth in the complaint.  *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)).

## III.   DISCUSSION

In any suit in federal court, the issue of standing presents a "threshold jurisdictional question."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).  The requirement that a party have standing to bring suit flows from Article III of the Constitution, which limits the scope of the federal judicial power to the adjudication of "cases" or "controversies."  U.S. Const. art. III, § 2.  Standing consists of three elements: (1) the plaintiff must have suffered an "injury-in-fact," which is an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent"; (2) the injury must be "fairly traceable" to the challenged conduct of the defendant; and (3)

it must be likely that plaintiff's injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing each element of standing. *Spokeo, Inc. v. Robins*, 578 U.S. ____, ____, 136 S. Ct. 1540, 1547 (2016). To carry this burden, the plaintiff must support each element with the "manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561.

In their motion to dismiss, defendants argue that Dr. Sartin's allegations fail to establish the "[f]irst and foremost" of standing's three elements, an injury in fact. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). To demonstrate an injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is both "particularized" and "concrete." *Lujan*, 504 U.S. at 560. A "particularized" injury is an injury that "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. A "concrete" injury is an injury that actually exists, meaning that it is real and not abstract. *Id.* An injury need not be tangible to satisfy the concreteness requirement. *Id.* at 1549. As the Supreme Court has explained, Congress may "create a statutory right or entitlement[,] the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." *Warth v.*

*Seldin*, 422 U.S. 490, 514 (1975) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973)).

Nonetheless, Congress may not erase the requirements of Article III by legislative fiat. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) (describing the injury in fact requirements as "a hard floor of Article III jurisdiction that cannot be removed by statute"); *Sierra Club v. Morton*, 405 U.S. 727, 738 (1972) ("[Statutorily] broadening the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury."). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

Here, Dr. Sartin brings his claims against defendants under the TCPA. That statute makes it unlawful to use a fax machine to send an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C).[10] It also provides a private right of

---

[10] An unsolicited advertisement does not violate the TCPA if the sender can demonstrate that "(1) the sender has an established business relationship with the recipient; (2) the sender obtained the recipient's fax number either through a voluntary communication between the two or through a public source on which the recipient voluntarily made the number available; and (3) the fax has an opt-out notice meeting the requirements of the statute." *Pyhsicians Healthsource, Inc. v. Stryker Sales Corp.*, 65 F. Supp. 3d 482, 494 (W.D. Mich. 2014), *as amended* (Jan 12, 2015) (citing 47 U.S.C.

action, which permits any "person or entity" to bring a lawsuit seeking (1) to enjoin a violation of the Act; (2) to recover for actual monetary loss from such a violation or to receive statutory damages of $500 per violation, whichever is greater; or (3) to pursue both injunctive and monetary relief. 47 U.S.C. § 227(b)(3).

Although Dr. Sartin has plausibly alleged that defendants violated the TCPA by sending unsolicited fax advertisements, he fails to plead facts demonstrating how this statutory violation caused him concrete harm. Dr. Sartin's complaint exhaustively describes the requirements of the TCPA, as well as the nature of defendants' alleged "junk fax campaign." But the complaint's only reference to any kind of injury appears in a single sentence, which states that defendants' failure to comply with the TCPA's requirements "caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual damages, including but not limited to those contemplated by Congress and the [Federal Communications Commission]."[11]

While a plaintiff need only provide "general factual allegations of injury" to withstand dismissal at the pleading stage, *Lujan*, 504 U.S. at 561, Dr. Sartin's conclusory allegation lacks even general factual support. *Cf. Anjelino*

_____

§ 227(b)(1)(C)).

    [11] R. Doc. 1 at 9-10 ¶ 26.

*v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) ("Standing is established at the pleading stage by setting forth [, *inter alia*,] specific facts that indicate that the party has been injured in fact or that injury is imminent . . . ."); *Brown v. F.B.I.*, 793 F. Supp. 2d 368, 374 (D.D.C. 2011) ("[N]ondescript and conclusory allegations of injury are not the type of general factual allegations from which the Court may presume the specific facts necessary to ensure that the plaintiff has standing, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized."). The complaint does not explain what factual harm, in Dr. Sartin's view, lawmakers "contemplated" when enacting the TCPA. Thus, its vague reference to Congress and the FCC provides no factual material from which the Court can reasonably infer what specific injury, if any, Dr. Sartin sustained through defendants' alleged statutory violations. Absent supporting factual allegations, Dr. Sartin's bare assurance that an unspecified injury exists is insufficient to establish Article III standing. *See Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 218 (5th Cir. 2001) (dismissing complaint when plaintiffs failed to plead specific facts indicating that they had suffered an injury in fact); *Cocona, Inc. v. Sheex, Inc.*, 92 F. Supp. 3d 1032, 1040 (D. Colo. 2015) (finding plaintiff's "conclusory" allegation of an injury in fact insufficient to establish standing).

9

To resist this conclusion, Dr. Sartin argues in his opposition memorandum that he "wasted valuable time in reviewing the fax, time that was taken away from his medical practice and time that he could have otherwise spent performing billable medical procedures."[12]  Regardless of whether these allegations of lost time and opportunity cost would be sufficient to establish standing to assert a TCPA claim, "[a]n opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims."  *Peter-Takang v. Dep't of Children & Family Servs.*, No. CV 14-1078, 2016 WL 69633, at *4 (E.D. La. Jan. 6, 2016); *see Goodwin v. Hous. Auth. of New Orleans*, No. CIV.A. 11-1397, 2013 WL 3874907, at *9 n. 37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").  The well-pleaded factual allegations in the complaint establish nothing more than a bare violation of the TCPA, divorced from any concrete harm to Dr. Sartin.  *See Spokeo*, 136 S. Ct. at 1550 (deeming such allegations insufficient to withstand dismissal on the pleadings).  Thus, Dr. Sartin has failed to demonstrate a judicially-cognizable injury in fact, and his complaint must be dismissed.

---

[12] R. Doc. 11 at 3.

Defendants ask the Court to dismiss Dr. Sartin's TCPA claims with prejudice because Dr. Sartin opposed defendants' motion instead of requesting leave to file an amended complaint.[13]   The Court denies this request.   Dr. Sartin's failure to adequately allege a concrete injury in fact may reflect mere pleading defect, rather than a more fundamental problem with his claims. Moreover, while defendants' motion to dismiss was pending before this Court, the Supreme Court issued its decision in *Spokeo*, which further clarified the requirements for pleading Article III standing to assert a statutory violation. The Court therefore dismisses Dr. Sartin's claim without prejudice and with leave to amend within twenty-one (21) days of entry of this order.   *See Lopez v. City of Dallas*, Tex., No. 3:03-CV-2223-M, 2004 WL 2026804, at *5 (N.D. Tex. Sept. 9, 2004) (granting leave to amend because "the failure to adequately plead standing may be a mere pleading defect and because events subsequent to the filing of Plaintiffs' Second Amended Complaint may have rendered Plaintiffs' claim ripe for consideration").

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss for lack of Article III standing.   This dismissal is WITHOUT

---

[13] R. Doc. 14 at 3.

PREJUDICE and with leave to file an amended complaint within twenty-one (21) days of this order.  Defendants' motions strike plaintiff's class allegations and to stay this case pending the Supreme Court's ruling in *Spokeo, Inc. v. Robins* are DENIED AS MOOT.


New Orleans, Louisiana, this <u> 5th </u> day of July, 2016.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE